SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Russell B. Hill, Cal. Bar No. 190070
Mark L. Blake, Cal. Bar No. 253511
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:    714-513-5100
Facsimile:     714-513-5130
rhill@sheppardmullin.com
mblake@sheppardmullin.com

Attorneys for LENOVO (UNITED STATES) INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFLEX PACKAGING, INC.,<br><br>              Plaintiff,<br><br>      v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>              Defendant. | Case No. 5:10-cv-01002-JW  (HRL)<br><br>**LENOVO (UNITED STATES) INC.'S NOTICE OF MOTION AND MOTION TO STRIKE EXPERT TESTIMONY IN VIOLATION OF PATENT L.R. 4-2, 4-3 & 4-4**<br><br>Date:       April 11, 2011<br>Time:       9:00 am<br>Courtroom: 8<br>Judge:      The Hon. James Ware |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 11, 2011 at 9:00 a.m., in Courtroom 8, before the the Honorable Judge James Ware, Defendant Lenovo (United States) Inc. ("Lenovo") moves for this Court to strike in its entirety the Declarations of Herbert Schueneman (Dockets Entry Nos. 31 & 40) ("Schueneman Declaration") and prohibit Reflex Packaging, Inc. ("Reflex") from relying upon these declarations in support of Reflex's claim construction positions.

Specifically, Lenovo respectfully requests that the Court strike the Declaration of Herbert Schueneman from the record, along with references to such testimony in Plaintiff's Opening and Reply Briefs on Claim Construction.  Lenovo's Motion is based on this Notice of Motion and

Motion, the Points and Authorities provided herein, Patent L.R. 4-2, 4-3 and 4-4, Civil L.R. 1-4, the Scheduling Order in this case, the exhibits filed herewith, and such other evidence and argument as may be added in further briefing and argument on this motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Introduction and Background Facts**

Reflex unveiled the substance of the Schueneman Declaration for the first time on January 14, 2011, when Reflex filed it in support of Plaintiff's Opening Brief on Claim Construction. Reflex's actions are in direct violation of Patent L.R. 4-2, 4-3, and 4-4, which required Reflex to disclose the substance of Mr. Schueneman's testimony, on or before three separate milestone dates in the Case Management Schedule for this matter. All milestone dates had long since passed by the time Reflex first disclosed Mr. Schueneman's testimony on January 14.

**II.  Reflex Violated the Patent Local Rules by Failing to Disclose the Substance of Mr. Schueneman's Testimony**

**A.  Reflex's Failure to Disclose the Substance of Mr. Schueneman's Testimony Violates Patent L.R. 4-2**

Reflex's Patent L.R. 4-2 disclosure failed to disclose an expert or any expert's anticipated opinions. Patent L.R. 4-2 entitled Exchange of Preliminary Claim Constructions and Extrinsic Evidence, requires the following:

> each party shall also identify …testimony of percipient and expert witnesses. . . [w]ith respect to any supporting witness, percipient or expert, the identifying party shall also <u>provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction</u>.

Patent L.R. 4-2(a)-(b) (emphasis added).

The parties exchanged their required disclosures under Patent L.R. 4-2 on August 30, 2010. Reflex's Preliminary Claim Construction never disclosed an intent to use an expert witness, let alone the substance of Mr. Scheuneman's opinions. *See* Reflex's Preliminary Claim Constructions, Blake Decl., Ex. A. Reflex's Preliminary Claim Construction disclosure violates Patent L.R. 4-2 because Reflex failed to disclose its intent to rely upon Mr. Schueneman's testimony and the substance of his opinions in support of Reflex's construction positions.

Reflex's violation of Patent L.R. 4-2 compels striking the Schueneman Declaration and enjoining Reflex from relying upon it for claim construction purposes.

### B. Reflex's Failure to Disclose the Substance of Mr. Schueneman's Testimony Violates Patent L.R. 4-3

Reflex did not disclose a summary of Mr. Schueneman's opinions contrary to Patent L.R. 4-3. For patent cases in the Northern District of California, a party must disclose a summary of each opinion to be offered through expert testimony before filing its claim construction brief. Under Patent Local Rule 4-3(e), each party's portion of the Joint Claim Construction and Prehearing Statement (hereafter "Joint Claim Construction") must disclose:

> Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, and for each witness, <u>a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction</u>.

Patent L.R. 4-3(e) (emphasis added).

Pursuant to the pretrial scheduling order, Reflex was required to provide this information by September 24, 2010. *See* Dkt. 18 & 24. It failed to do so. Instead, Reflex provided a single repeated conclusory statement that Mr. Schueneman's would testify that "the identified phrase would have the meaning attributed to it by Reflex." Reflex neglected to provide a summary of each opinion and withheld the substance of its expert testimony until filing its Opening Brief on Claim Construction on January 14.

In contrast with this one-sentence disclosure, Reflex's Opening Brief on Claim Construction relies on numerous undisclosed opinions from Mr. Schueneman to construe the terms of the patent. *See* Dkt. 28, Reflex's Opening Brief on Claim Construction; Dkt. 31, Declaration of Mr. Schueneman ("Schueneman Decl."). For instance, Mr. Schueneman provided opinions regarding: materials being 100% elastic (Dkt. 31, ¶¶ 16-18); his interpretation of specific passages from the patent (Dkt. 31, ¶ 18); what "re-usable" means according to the patent-in-suit (Dkt. 31, ¶19); what "closed delivery and recovery systems" were (Dkt. 31, ¶20); how the alleged invention could be adapted (Dkt. 31, ¶14) – all of which were unrelated to Reflex's own construction of the claim terms and all of which were completely undisclosed to Lenovo. Because Reflex's Rule 4-3

submission did not even allude to – much less summarize - these additional opinions, Reflex violates Patent L.R. 4-3 by relying on expert testimony to construe the "flexible shock absorbing spring transition section" term.

Likewise, the rest of Reflex's Rule 4-3 submission Opening Brief on Claim Construction reveals a wholesale failure to disclose the expert opinions relied on in Reflex's Opening Brief on Claim Construction. The chart below provides a side-by-side comparison of the deficient statements in Reflex's Rule 4-3 submission, with the additional opinions in the Schueneman Declaration cited by Reflex' brief in violation of Patent L.R. 4-3.

| Claim Terms | "Summary of Opinions" in Joint Claim Construction Statement | Opinions from Schueneman Declaration |
|---|---|---|
| adapted to provide shock absorption protection for a shock sensitive product during shock loading conditions | "The opinion of Herbert Schueneman that, to one of ordinary skill in the art in the field of the '337 Patent, the identified phrase would have the meaning attributed to it by Reflex." Dkt. 25, Ex. B, p. 2. | 13. A person meeting the requirements outlined above would understand that the acceptable amount of shock reduction to be achieved by a cushion system made pursuant to the '337 Patent would vary, depending on the sensitivity of the product and the shock loading conditions to which it would be subjected

14. A thermoformed cushion system such as the '337 Patent design could easily be adapted for a wide range of products of similar fragility level and similar environmental inputs (shock, vibration, etc.). In fact, this is often the practice in the marketing of protective package cushion systems. From a practical standpoint, it is obvious that a cushion has no understanding of what type of product it is protecting. It only functions to "cushion" the mass that is resting on it.

15. It is important to note that a specific numerical range for shock reduction value is unnecessary to adequately describe the '337 Patent's invention to one skilled in the art. In fact, specific values are quite variable depending on many factors including the orientation of an impact, the number of impacts occurring, the temperature, and a variety of other factors. Schueneman Decl. ¶13-15. |
| flexible shock | "The opinion of Herbert | "Although thermoplastic is a resilient material, |

| Claim Terms | "Summary of Opinions" in Joint Claim Construction Statement | Opinions from Schueneman Declaration |
|---|---|---|
| absorbing spring transition section | Schueneman that, to one of ordinary skill in the art in the field of the '337 Patent, the identified phrase would have the meaning attributed to it by Reflex." Dkt. 25, Ex. B, p. 6. | which deforms when subjected to an external force and then tries to return to its original shape when the external force is removed (a property known as "elasticity"), no material is 100% resilient or elastic. Schueneman Decl. ¶¶ 16-18<br><br>Rather, a skilled artisan would understand that no material is 100% resilient or elastic and that, while thermoformed material would rebound to something close to its original shape, there would be some change in its structure after being subjected to the type of shock loading described in the patent. Schueneman Decl. ¶¶ 17-18<br><br>Second, one skilled in the art would understand that the patent's discussion of reusable cushions meant that they could be reused to ship additional products, if they had not been damaged as part of their original use. Schueneman Decl. ¶ 19. Most of the time, electronic products are shipped without being subjected to shock forces. Schueneman Decl. ¶ 20. Thus, in closed delivery and recovery systems, like that described in the patent at col. 2, lines 15-17, a customer can reuse most cushions that had not been subjected to shock forces sufficient to damage (permanently deform) them. Schueneman Decl. ¶ 20; Smith Decl. ¶¶ 5, 9-11. One skilled in the art would not understand the patent to mean that every cushion could be reused. Schueneman Decl. ¶ 20 |

In addition to these opinions above, Mr. Schueneman provides opinions unrelated to any of Reflex's proposed constructions regarding: a) the state of cushioning devices for shock sensitive products (¶¶8-9); b) types of cushioning devices for shock sensitive products around 2000(¶10); and c) thermoplastic for cushioning devices (¶11) – all of which were opinions not disclosed to Lenovo.

Accordingly, as Reflex failed to disclose a summary these opinions, the Court should strike the Schueneman Declaration, and references to it, from the record for violating Patent L.R. 4-3.

The court should also strike Mr. Schueneman's declaration in support of Reflex's Reply Brief on Claim Construction. This declaration is repetitive and does nothing more than further support Mr. Schueneman's opinions offered in his original declaration. *See, e.g.,* Dkt. No. 40 ¶¶4-5, 7-10. Mr. Schueneman's declaration has numerous examples of its repetitive nature with references to his earlier opinions. *See* Dkt. No. 40 ¶5 ("as I stated in my previous declaration"); ¶7 ("such as that described in paragraph 20 of my original declaration"); ¶8 ("As I explained in my earlier declaration"); ¶9 ("As I previously explained"). As these opinions were not originally disclosed in violation of Patent L.R. 4-2 and 4-3, Mr. Schueneman's declaration in support of Reflex's Reply Brief on Claim Construction and its references within Reflex's Reply must be stricken.

### C. Reflex's Failure to Disclose Mr. Schueneman Testimony until after the Close of Claim Construction Discovery Prejudices Lenovo and Violates Patent L.R. 4-4

Reflex's violations of Patent L.R. 4-2 and 4-3 have prejudiced Lenovo from discovering and refuting the bases for Mr. Schueneman's opinions before the close of the claim construction discovery period. Under the Case Management Schedule in this matter and Patent L.R. 4-4, the parties were required to complete all discovery related to claim construction by October 22, 2010. With the passing of the construction related discovery deadline, Reflex's failure to disclose a summary of each opinion from Mr. Schueneman in support of its construction positions amounts to a violation of the Patent Local Rules.

Lenovo was not able to discovery evidence which would have called into questions Mr. Schueneman's surprise opinion. For instance, although the cushion in the patent-in-suit is claimed as being resilient (Claim 1), Mr. Schueneman's declaration states that requiring the cushion to be able "to withstand shock loading 'without permanent deformation,' would render the claim incomprehensible…" Schueneman Decl. ¶ 17. Yet, Mr. Schueneman authored three separate articles, published from his own company, in which he defines "resilience" in complete

contradiction to his declaration testimony. Mr Schueneman defined resilience in each of the three publications as:

> "**Resilience** - A material characteristic indicating an ability to withstand temporary deformation **without permanent deformation** or rupture."

*See* Herbert H. Schueneman, *Measure the Distribution Environment*, Westpak, Inc., July 1996, at App. 1, Blake Decl. Ex. B (emphasis added); *see also,* Herbert H. Schueneman, *A Step-by-Step Approach For Protection Of Fragile Products*, Westpak, Inc., at App. 1, Blake Decl. Ex. C; Herbert H. Schueneman, *Cushion Engineering, Design and Testing*, Westpak, Inc., at App. 1, Blake Decl. Ex. D.

Further, this definition was found in an appendix Mr. Schueneman entitled "Definitions of Commonly Used Terms in Packaging Dynamics." *See* Herbert H. Schueneman, *Measure the Distribution Environment*, Westpak, Inc., July 1996, at App. 1.

Even after the passing of the August 30, September 24, and October 22 deadlines under the Local Patent Rules and the Case Management Schedule, Reflex waited nearly three additional months (until January 14, 2011) before disclosing and citing to the substance Mr. Schueneman's testimony, for the first time, in connection with Reflex's Opening Brief on Claim Construction. Lenovo was forced to scramble to find rebuttal expert testimony to Mr. Schueneman's opinions[1]. Still, Reflex's actions denied Lenovo sufficient notice and opportunity to discover the bases for Mr. Schueneman's opinions and his qualifications, locate and discover impeaching evidence, and properly respond in the small window between Reflex's first disclosure of the substance of Mr. Schueneman's testimony and the due date for Lenovo's Responsive Brief on Claim Construction.

Reflex's Patent Local Rules violations should not be condoned. Despite being obligated to do so on multiple occasions, Reflex either chose to rely upon the Schueneman Declaration at the last minute or purposefully withheld its intent to rely upon the Schueneman Declaration in an attempt make it difficult for Lenovo to timely rebut. Either course of action is impermissible under the Patent Local Rules and principles of fairness and equity. The Schueneman Declaration

---

[1] Reflex now objects to Lenovo's expert witness offered to rebut Mr. Schueneman's surprise testimony. *See* Dkt. 38.

should be stricken, and Reflex enjoined from relying upon it in support of its construction positions.

### D. This District's Precedent Establishes Lenovo's Motion to Strike the Schueneman Declaration Should Be Grated Based Upon Reflex's Patent Local Rules Violations

This Court has held that disclosing the substance of an expert's testimony for the first time in connection with its claim construction briefing should be stricken under Patent L.R. 4-2 and 4-3. For example, in *Aristocrat Tech. v. Int'l Game Tech.*, Case No. cv-06-03717, 2009 U.S. Dist. Lexis 40975 (N.D. Cal. May 14, 2009), the Court granted a motion to strike for the same violation Reflex has committed here. Aristocrat disclosed the identity of its expert but failed to adequately disclose a summary of each opinion to be offered in violation of the Local Patent Rules. *Id. at *4*. As a result of this violation, the Court granted the motion to strike the experts declaration. *Id.* Reflex's conclusory statements in the parties Joint Preliminary Claim Construction Statement was insufficient disclosure to give Lenovo notice of the substance of Mr. Schueneman's opinions later offered in Reflex's Opening Brief on Claim Construction. As such and according to this Court's precedent, Mr. Schueneman's declaration should be stricken.

Other courts have followed the *Aristocrat Tech* holding when faced with similar violations:

> "Real's <u>failure to provide meaningful</u> and timely information about its expert <u>denied Friskit a reasonable opportunity to conduct discovery into the experts opinions</u>. Even though RealNetworks argues that they 'expressly reserved its right to submit an expert declaration in support of its claim construction brief,' RealNetworks Letter Brief at 3, <u>Real had no authority to expand the local rules of the Court in this matter, unilaterally granting themselves the right to use an expert witness without adhering to the necessary disclosures</u>."

*Friskit, Inc. v. RealNetworks, Inc.*, Case No. cv-03-5085, 2005 WL 6249309 at *1 (March 22, 2005, N.D. Cal.) (emphasis added). Likewise, Reflex has failed to provide meaningful information about the opinions Mr. Schueneman disclosed and the Court should grant Lenovo's motion to strike. *See also, Nordic Naturals, Inc. v. J.R. Carlson Laboratories, Inc.*, Case No. cv-07-2385, 2008 WL 2357312 at *11 (June 6, 2008, N.D. Cal.) (the Court granted a motion to strike for violating Patent Local Rules 4-2 and 4-3 for failing to disclose the opinions of an expert used for claim construction).

To the extent Reflex may attempt to assert the requirements of Patent L.R. 4-2 and 4-3 only apply in the event a party intends to call an expert to testify as a witness at the Markman hearing, the *Friskit* court made it clear the disclosure requirements of the Local Patent Rules apply to declaration testimony, such as that of Mr. Schueneman, submitted in support of construction briefs:

> "Real argues that [Patent L.R. 4-3(e)] only applies when a party intends to "call" the witness at the claim construction hearing, and does not apply in situations where a party intends to rely on its expert's declaration and not his/her live testimony. Read in the context of the local rules, however, this interpretation is <u>incongruent with the intent of the rules which were designed to streamline the complexities of patent cases, encouraging the disclosure of information before the claim construction hearing. Whether the expert testifies in court or by declaration, the result is the same:</u> the sworn testimony of an expert is part of the claim construction record. Thus, the 4-3(d) requirements apply to any sworn testimony offered as substantive evidence.

*Id*. (emphasis added).

Reflex's failure to disclose the substance of Mr. Schueneman's testimony in support of its construction positions stands in violation of the Patent Local Rules irrespective of whether or not Reflex intends to call Mr. Schueneman as a witness at the Markman hearing.

The *Friskit* Court then entered the following holding, which conforms to the very relief Lenovo asks the Court to grant to remedy Reflex's Patent Local Rules violations:

> In light of Reals failure to comply with the patent local rules, the Court GRANTS Friskit's request by excluding the declarations and testimony of Real's experts who have not been properly disclosed as required by the local rules. Real's expert will be excluded from: 1) Real's opposition to Friskit's opening Markman brief and 2) the Markman hearing, currently scheduled for April 12, 2005. *Id*. at page *2.

A similar result to the above described holdings should follow from Reflex's manifest failure to comply with the disclosure requirements of Patent L.R. 4-2 and 4-3. Mr. Schueneman's testimony should be stricken. The prejudice to Lenovo due to Reflex's failure to adhere to the Local Patent Rules outweighs any alleged need Reflex has for relying upon Mr. Schueneman's testimony.

### III. Conclusion

In view of Reflex's violations of Patent L.R. 4-2, 4-3 and 4-4 and in keeping with prevailing precedent of this District, Lenovo respectfully asks the Court to enter an Order finding that:

1) the Schueneman Declarations (Docket Entry Nos. 31 & 40) shall be disregarded and stricken from the record;

2) Mr. Schueneman shall be precluded from providing any testimony at the Markman hearing; and

3) all portions of Reflex's Opening and Reply Brief on Claim Construction (Docket Entry Nos. 28 & 37), which cite to Mr. Schueneman's declaration testimony, shall be stricken from Reflex's briefs and shall be disregarded by the Court.

Dated: February 16, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:        /s/ Mark L. Blake
           MARK L. BLAKE

Attorneys for LENOVO (UNITED STATES) INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 16th day of February, 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's MC/ECF system.

By:    */s/ Mark Blake*