*E-FILED: April 24, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REFLEX PACKAGING, INC., | No. C10-01002 EJD (HRL) |
| Plaintiff, | **ORDER RE DISCOVERY DISPUTE JOINT REPORT #1** |
| v. | [Re: Docket No. 57] |
| LENOVO (UNITED STATES), INC., | |
| Defendant. | |

Reflex Packaging, Inc. (Reflex) says it holds a patent that covers thermoformed plastic packaging cushions. These custom-formed cushions (an alternative to the more customary styrofoam) are used to encase computers in their cardboard shipping cartons. One of Reflex's good customers used to be IBM.

In 2005, IBM sold its personal computer business to Lenovo Group, a Chinese company (Lenovo China). Reflex continued to supply packaging cushions to the new buyer.

Lenovo China operates through a number of wholly-owned subsidiaries, including Lenovo (Singapore), Lenovo (Hong Kong), Lenovo (Beijing) and Lenovo (Mexico). It advertises itself as a fully integrated enterprise, "uninhibited by walls or organization structures . . . ." (Dkt. No. 65-1, Smith Decl., Ex. 16).

Reflex worked with employees both of Lenovo China (as well as of three or four of its subsidiaries) to design and develop a new custom cushion for a new computer, and in the

process, allegedly disclosed proprietary information about its cushion-making technology. The new computer was initially shipped protected by the Reflex cushion.

Subsequently, however, Reflex lost the business when Lenovo started using a thermoformed packaging cushion that Lenovo developed in-house. Claiming that the "Lenovo" cushion infringed its patent, Reflex sued Lenovo (US). Lenovo (US) is the United States sales arm for Lenovo products.

Plaintiff propounded interrogatories and requests for production to Lenovo (US). The discovery sought information about the design, development, manufacture, and use of the "Lenovo" cushion. Lenovo (US) apparently had little or no responsive information, which—presumably—was in the possession of Lenovo China (the parent company), or one or more of the subsidiary companies that Reflex had worked with previously in developing the new Reflex cushion. Plaintiff, unsatisfied with what it had obtained, seeks a order compelling Lenovo (US) to get the responsive information from whoever has it.

Lenovo (US) says it cannot be forced to obtain what it has no legal right to obtain. Reflex counters by arguing that, Lenovo having billed itself as an integrated enterprise without "walls," and having employees from many different parts of the whole interface with Reflex, Lenovo (US) should not be allowed to hide behind legalistic distinctions to avoid legitimate discovery.

Lenovo (US) has offered evidence that: It is a separate legal entity owned by Lenovo China. Lenovos Singapore, Hong Kong, and Beijing are also independent legal entities owned by Lenovo China. There are no past or present interlocking directors or officers between Lenovo (US) and any of the other referenced entities. No past or present employee of Lenovo (US) has ever simultaneously been employed by any of the other Lenovos. And, Lenovo (US) does not share or have access to any database containing information sought by plaintiff beyond what has already been produced. (See Dkt. No. 58 (Jesinkey Decl.); Dkt. No. 66-1 (Cranor Decl.)).

Is the information sought by Reflex in the "possession, custody, or control" of Lenovo (US) for purposes of Fed. R. Civ. P. 34 and 45? Since there is no dispute that Lenovo (US)

does not have possession or custody of the desired information and documents, the question boils down to whether it has control. In the Ninth Circuit, the controlling authority is In re Citric Acid, 191 F.3d 1090 (9th Cir. 1999). Contrary to holdings in other circuits, this case plainly says that "control" means legal control. It rejected a broader test which equated control with the practical ability to obtain the information. Id. at 1107-08.

Reflex urges that the parent Lenovo China and its subsidiaries hold themselves out to the world as one integrated entity, each part meshing together in a "global supply chain." Maybe so, but that arrangement looks to this court to signify the practical ability of one member of the chain to acquire information from another, and practical ability is just not enough. No one points to a contractual right for Lenovo (US) to require one of the other parts of the chain to give it the information desired. No one seems to dispute that each link in the chain is a separate legal entity. This court can see the parent demanding information from its subsidiary, but not the reverse, close relationship or not. If this court were to issue an order to Lenovo (US) to produce the information (under pain of sanctions or contempt if it does not), how would it compel its parent or sister subsidiaries to cough it up?

This court is not indifferent to Reflex's difficulty in trying to obtain information relevant to its patent infringement claims. And, the court recognizes that trying to pry that information out of companies in mainland China would be a challenging—perhaps unfruitful—exercise. But, as long as In re Citric Acid is the law in this circuit, that is where plaintiff will have to look.

Reflex's request for an order compelling production is DENIED.

SO ORDERED.

Dated: April 24, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-01002-EJD Notice has been electronically mailed to:

Gregory Paul Barbee gbarbee@sheppardmullin.com, snavarro@sheppardmullin.com

Mark L. Blake mblake@sheppardmullin.com

Michael M. Carlson mcarlson@schnader.com, mpadilla@schnader.com

Russell B. Hill rhill@smrh.com, mblake@smrh.com, tcontreras@smrh.com

Steven Mark Hanle shanle@sheppardmullin.com, jfrancis@sheppardmullin.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

4